UNITED STATES DISTRICT COURT  3/27/08 @ 9:35 a.m.
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-22775-CIV-KING

ISRAEL PRAVIA and JOSE LUIS MIGONE,

    Plaintiffs,

vs.

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**

BLASA GROUP, INC.,

    Defendant.

_____/

Plaintiffs' complaint alleges that Defendant Blasa Group, Inc failed to pay Plaintiffs overtime compensation in violation of the FLSA, 29 U.S.C. § 207. The Court conducted a one day bench trial on February 12, 2008 and now enters its findings of fact and conclusions of law as stated below.

## I. STATEMENT OF THE CASE

Plaintiffs seek to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("the FLSA").[1] Defendant Blasa Group, Inc. owns a warehouse where shipments of produce, fruit and other perishable goods are received. At times, Plaintiffs' duties include loading goods destined for interstate transit. Defendant

---

[1] The Complaint (D.E. #1) in the above styled matter was filed on November 1, 2006. Defendant's Answer and Affirmative Defenses (D.E. #5) were filed on November 29, 2006. On March 5, 2007, Defendant filed a Motion to Amend its Answer and Affirmative Defenses, alleging that Plaintiffs are exempt from FLSA coverage pursuant to the Motor Carrier Exemption.

alleges Plaintiffs are exempt from FLSA coverage, pursuant to the Motor Carrier Exemption, 29 U.S.C. § 213(b)(1).

A Motion for Summary Judgment based upon the Motor Carrier Exemption, was filed and denied, since there was an issue of fact as to whether Plaintiffs were "loaders" under FLSA. The issue of whether Plaintiffs had any discretion in the way the loaded goods onto Defendant's trucks was the principal subject of testimony at the non-jury trial conducted on February 12, 2008 (D.E. #46-1).

## II. ISSUES AT TRIAL

With respect to the factual issues, the parties seek a determination from the Court as to whether or not the Defendant was entitled to an exemption from FLSA coverage under the provisions of 29 U.S.C. § 213(b)(1) over the manner in which goods were loaded upon trucks, and whether the Plaintiffs were loaders as defined by 29 C.F.R. 782.5. Also factual issues are the number of hours worked by Plaintiffs, whether Defendant's failure to pay overtime wages was intentional, and the extent Plaintiffs' work affected the safety of the operation of motor vehicle in interstate commerce.

With respect to the issue of law, the parties asked the Court to decide are whether or not any FLSA violations by Defendant were committed in good faith, Plaintiffs' entitlement to unpaid overtime compensation and the amount of such compensation, the issue of liquidated damages and attorney's fees and costs.

The parties have stipulated the Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216.

### III. FINDINGS OF FACT

The parties agree that Plaintiffs Pravia and Migone were employees of the Defendant Blasa Group, Inc., covered by FLSA, and that the trucks that arrived daily at Defendant's warehouse premises were engaged in carrying goods in interstate commerce (D.E. #46-1, ¶¶ 5B, C).

Defendant Blasa Group, Inc. is an employer within the meaning of Section 203(d) of FLSA that operates a warehouse where shipments of produce, fruit and other perishable goods are received, temporarily stored in coolers and then shipped out to different points throughout the United States. There is no dispute that Plaintiffs worked in Defendant Blasa Group Inc.'s warehouse by providing physical labor in the loading of trucks. In addition, the parties stipulate that the trucks which Plaintiffs loaded carried goods in interstate commerce. The Court finds that both Plaintiffs regularly loaded goods everyday, and that loading was part of their regular duties. Defendant has failed to prove by a preponderance of evidence that Plaintiffs were "loaders" as defined within the Motor Carrier Exemption, and thus Plaintiffs are not barred from being entitled to overtime compensation for such hours actually worked in excess of forty hours. However, this record is devoid of this element of proof of damages by Plaintiffs. The Court finds that Plaintiffs have failed to establish the period of time when they were employed and the entire amount of overtime wages that were due.

## IV. CONCLUSIONS OF LAW

Congress enacted the FLSA to help eliminate the existence of labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and welfare of workers in the United States. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1156 (11th Cir. 2008)(citing *Antenor v. D & S Farms,* 88 F.3d 925, 929 (11th Cir. 1996) (quoting 29 U.S.C. §§ 202 (a) & (b)). Section 207 of the FLSA includes a maximum-hour provision, which requires employers to pay employees time and a half for those hours that an employee works in excess of the forty hour work week. 29 U.S.C. § 207(a)(1). In the event that an employer fails to pay overtime, where required by law, an employee may sue an employer for unpaid overtime wages, and if successful reasonable attorney's fees and costs shall be paid by the defendant. *See Id.* § 216 (b). However, Section 213 contains a list of exemptions which exempts certain workers from its minimum wage and maximum hour requirements, and thus those employees will not be entitled to overtime wages. *See id.* § 213. An employer relying on an exemption to the minimum wage and overtime provisions of the FLSA has the burden of proving the applicability of that exemption by "'clear and affirmative evidence.'" *Klinedinst v. Swift Inv., Inc.,* 260 F.3d 1251, 1254 (11th Cir. 2001)(citing *Birdwell v. City of Gadsden,* 970 F.2d 802, 805 (11th Cir. 1992)(holding that FLSA provisions are interpreted liberally in the employee's favor and its exemptions construed narrowly against the employer.) See also *Nicholson v. World Bus. Network, Inc.,* 105 F.3d 1361, 1364 (11th Cir. 1997)(holding that an employer has the burden of proving that

4

the employee falls "plainly and unmistakably within the term and spirit" of the exemption.)(quoting *A.H. Phillips, Inc. V. Walling,* 324 U.S. 490, 493 (1945)).

One such exemption is the "motor carrier exemption." 29 U.S.C.213(b)(1). Under the motor carrier exemption, employers subject to the jurisdiction of the Secretary of Transportation pursuant to 49 U.S.C. §31502, which includes motor carriers involved in the interstate transportation of good, 49 U.S.C.A. § 31501, are exempt from the FLSA's overtime provision. *Id.* Title 49 U.S.C. § 31502(b)(1)(2) provides that "the Secretary of Transportation may prescribe requirements for (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."

Eleventh Circuit decisions hold: "the Secretary has power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181-82 (11th Cir.1991) (citing 29 C.F.R. § 782.2(a)); see also *Alvarado v.*

5

*I.G.W.T. Delivery Systems, Inc.*, 410 F.Supp.2d 1272, 1276 (S.D. Fla. 2006); see also *DeMaria v. Ryan P. Relocator Co.*, 512 F.Supp.2d 1249, 1251-55 (S.D. Fla.2007).

Defendant takes the position that it is exempt from compliance with the FLSA because Plaintiffs were employees under the motor carrier exemption to the Act. In order for Defendant to qualify for the exemption, it had the burden of proving that they are a motor carrier. Blasa Group, Inc. satisfied the first element of the exemption since this was stipulated Joint Pretrial Stipulation (D.E. #46).

Defendant also had the burden of proving that the employee Plaintiffs engage in activities that directly affect the safe operation of motor vehicles in interstate transportation. 29 C.F.R. § 782.2(a) (citing *United States v. American Trucking Ass'ns.*, 310 U.S. 534,553, 60 S.Ct. 1059 (1940)). The exemption is applicable only to those employees whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act. 29 C.F.R. § 782.2(b)(2) (citing *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 708 (1947)). In determining whether a specific employee falls withing an exempt class, neither the title of the position or name given to the duties is controlling; *Lloyd v. Hi-Ridge Transport*, 396 F.Supp.2d 1290, 1296-1297 (M.D. Ala., 2005)(quoting 29 C.F.R. § 782.2(b)(2)). What is controlling is the character of the duties involved in the performance of the job, which is determined by judicial process.

§ 782.2(b)(2).

Defendant Blasa Group, Inc. claimed at trial that Plaintiffs were engaged in activities directly affecting the safety of operation of motor vehicles in interstate commerce by arguing that Plaintiffs are employed by Defendants as "loaders" within the Motor Carrier Exemption, and that the "loader" designation precludes Plaintiffs from overtime compensation eligibility. Defendant presented testimony from Supervisor Victor Espinoza, who testified that Plaintiffs were experienced loaders who loaded trucks as part of their job description, and used their own discretion when performing those duties. The Court finds the testimony of this witness to be unpersuasive.

Lay witnesses are, of course, precluded from offering opinion-type testimony. It is only expert witnesses that may offer opinions about the ultimate factual decisions before the Court. Here, when the <u>opinions</u> expressed by Supervisor Espinoza are set aside, the factual basis of his testimony impels the conclusion that the Plaintiffs simply wheel the hand-truck packages onto the trucks, as directed by a supervisor, and "dumped it down." They made none of the discretionary decisions about whether to put the load at the front of the truck, or the back of the truck, or the height that was supposed to be stacked (or not stacked) or any of the other decisions that would obviously go into <u>placement</u> of a load from maneuverability on the public highways. Plaintiffs testified that they merely provided physical labor in the lifting and moving of freight under the direction and supervision of a Supervisor, or under the direction of a truck driver, who instructed Plaintiffs where and how to place the freight. Both Plaintiffs testified at trial that they

7

simply did what they were asked to do, "load the trucks," and thus affirm that they had no discretion when performing their loading duties. The Court finds his testimony by Plaintiffs to be credible and believable.

The Regulations specify that "loaders" are subject the Motor Carrier Exemption when they have "exercis[ed] judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." 29 C.F.R. § 782.5(c).[2] According to the views of the Interstate Commerce Commission (now known as the Secretary of Transportation), 'loaders' within its definition have a certain amount of skill and judgment attached to their duties in the proper distribution of weight in order to insure safety of operation. *Ispass v. Pyramid Motor Freight Corp.*, 78 F.Supp. 475, 478 -479 (D.C.N.Y. 1948), *remanded*, 330 U.S. 695 (1947).

In this case, Defendant has not met its burden of establishing, by clear and affirmative evidence, that Plaintiffs are exempt from FLSA coverage by virtue of the Motor Carrier Exemption. The testimony at trial fails to demonstrate that the Plaintiffs shared in the exercise of discretion as to the manner in which the loading was done and

---

[2] The Regulations also specify that not only loaders, but "drivers, drivers' helpers, and mechanics," are individuals over whom the Department of Transportation has the power to establish qualifications and maximum hours of services, if they engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation property in interstate commerce. 29 C.F.R. §§ 782.2(a), (b)(2).

does not prove that Plaintiffs possess any knowledge or skill which would lend itself to be interpreted as the kind of loading which would affect safety of operation of motor vehicles in interstate commerce. Specifically, Defendants failed to prove that Plaintiffs were "loaders" and subject to the jurisdiction of the Secretary of Transportation, and subject to the Motor Carrier Exemption. As such, Plaintiffs are entitled to FLSA coverage and compensation for such hours as are proven by the preponderance of evidence to have been worked.

## V. DAMAGES

The FLSA requires overtime pay for employees who are employed more than forty (40) hours per week. 29 U.S.C. § 207(a)(1). The employee always bears the burden of proving that he/she worked without the required compensation. *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007).

In the instant case, the only evidence offered by Plaintiffs on this issue on the amount of damages is Exhibit 1, which consist of two pay stubs for Plaintiff, Luis Migone drawn by Defendant Blasa Group, Inc. According to the pay stubs, Mr. Migone was paid at an hourly rate of $8.50 during the work weeks of May 5, 3003 through May 11, 2003, in which he worked a total of 54 hours, and May 12, 2003 through May 18, 2003, in which he worked a total of 56.5 hours. The Plaintiff, Luis Migone is entitled to recover $129.63 in proven overtime wages.

With regard to other overtime wages allegedly due, Plaintiffs have failed to establish by a preponderance of evidence a period of time for which any other wages are due and owed.

Plaintiff, Israel Pravia testified that he first started working sometime in 2002, but did not know when. (D.E. #66; Trial Tr. at 12.) He further testified that he arrived to work anytime between 7:30 and 8:00 a.m. and would work *sometimes* until 2:00 or 3:00 a.m. *Id.* at 22, ll. 10-16. Plaintiff Pravia's testimony does not indicate when his employment with Defendant ended nor does it clearly assert how many overtime hours he worked during his entire period of employment, or on during any specified week of employment.

Plaintiff, Luis Migone's testified that he "more or less worked for Defendant from the end of 2004 until early 2006." (D.E. #66; Trial Tr. at 41, l. 8-9.) Plaintiff Migone further testified that he arrived to work between 7:30 and 8:00 a.m. and would leave sometime at 8, 10 or 11 p.m. *Id.* at 47, l. 7-8. Other than Plaintiff, Migone's Exhibit 1 (i.e. the pay stubs), the record is devoid of any further proof of precise overtime wages owed. The Court therefore cannot determine from Plaintiff's evidence introduced at trial, the period of time when Plaintiffs worked or amounts claimed by Plaintiffs to be due for overtime wages.

## VI. CONCLUSION

Based on the foregoing, the Court finds that Defendant is not entitled to the Motor Carrier Exemption as it relates to either Plaintiff. Plaintiff Jose Luis Migone is entitled to

overtime compensation, in the amount of $129.63 for the overtime hours which were proven at trial and are on the record. The Court retains jurisdiction for assessment for attorney's fees and costs, upon appropriate and timely motion.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of March, 2008.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:  Eddy O. Marban, Esq.
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

Mercedes D. Blason, Esq.
ABE KOSS, P.A.
Ocean Bank Building, Suite 448
782 N.W. 42nd Avenue
Miami, Florida 33126
Telephone (305) 443-4343
Facsimile (305) 445-8830
E-mail: mblason@bellsouth.net